Daniel Sadeh, Esq.
**HALPER SADEH LLP**
667 Madison Avenue, 5th Floor
New York, NY 10065
Telephone: (212) 763-0060
Facsimile: (646) 776-2600
Email: sadeh@halpersadeh.com

*Counsel for Plaintiff*

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| CYNTHIA OSTRANDER,<br><br>    Plaintiff,<br><br>    v.<br><br>IEC ELECTRONICS CORP., KEITH M. BUTLER, CHARLES P. HADEED, ANDREW M. LAURENCE, JEREMY R. NOWAK, and JEFFREY T. SCHLARBAUM,<br><br>    Defendants. | Case No:<br><br>JURY TRIAL DEMANDED |

### COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS

Plaintiff Cynthia Ostrander ("Plaintiff"), by Plaintiff's undersigned attorneys, for Plaintiff's complaint against Defendants (defined below), alleges the following based upon personal knowledge as to Plaintiff and Plaintiff's own acts, and upon information and belief as to all other matters, based upon, *inter alia*, the investigation conducted by and through Plaintiff's attorneys.

### NATURE OF THE ACTION

1.  This is an action against IEC Electronics Corp. ("IEC Electronics" or the "Company") and its Board of Directors (the "Board" or the "Individual Defendants") for their violations of Sections 14(e), 14(d)(4), and 20(a) of the Securities Exchange Act of 1934 (the

1

"Exchange Act"), 15 U.S.C. §§ 78n(e), 78n(d)(4), and 78t(a), and Rule 14d-9 promulgated thereunder by the SEC, 17 C.F.R. § 240.14d-9, in connection with the proposed acquisition (the "Proposed Transaction") of IEC Electronics by Creation Technologies International Inc. ("Parent"), CTI Acquisition Corp. ("Purchaser"), and Creation Technologies Inc. (collectively, "Creation").

## JURISDICTION AND VENUE

2. The claims asserted herein arise under and pursuant to Sections 14(e), 14(d)(4), and 20(a) of the Exchange Act (15 U.S.C. §§ 78n(e), 78n(d)(4), and 78t(a)) and Rule 14d-9 promulgated thereunder by the SEC (17 C.F.R. § 240.14d-9).

3. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331, and Section 27 of the Exchange Act, 15 U.S.C. § 78aa.

4. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) and Section 27 of the Exchange Act (15 U.S.C. § 78aa(c)) as a substantial portion of the transactions and wrongs complained of herein had an effect in this District, the alleged misstatements entered and the subsequent damages occurred in this District, and the Company conducts business in New York.

5. In connection with the acts, conduct and other wrongs alleged in this complaint, Defendants, directly or indirectly, used the means and instrumentalities of interstate commerce, including but not limited to, the United States mails, interstate telephone communications and the facilities of the national securities exchange.

## PARTIES

6. Plaintiff is, and has been at all relevant times hereto, an owner of IEC Electronics common stock.

7. Defendant IEC Electronics provides electronic manufacturing services in the United States. The Company is incorporated in Delaware. The Company has facilities located in New York. The Company's common stock trades on the NASDAQ under the ticker symbol, "IEC."

8. Defendant Keith M. Butler ("Butler") is a director of the Company.

9. Defendant Charles P. Hadeed ("Hadeed") is Chairman of the Board of the Company.

10. Defendant Andrew M. Laurence ("Laurence") is a director of the Company.

11. Defendant Jeremy R. Nowak ("Nowak") is a director of the Company.

12. Defendant Jeffrey T. Schlarbaum ("Schlarbaum") is President, Chief Executive Officer, and a director of the Company.

13. Defendants Butler, Hadeed, Laurence, Nowak, and Schlarbaum are collectively referred to herein as the "Individual Defendants."

14. Defendants IEC Electronics and the Individual Defendants are collectively referred to herein as the "Defendants."

## SUBSTANTIVE ALLEGATIONS

A. The Proposed Transaction

15. On August 12, 2021, IEC Electronics and Creation announced that they had entered into a definitive agreement pursuant to which Creation would acquire all outstanding shares of IEC Electronics for $15.35 per share in cash. The press release announcing the Proposed Transaction states, in pertinent part:

**IEC and Creation Technologies Sign Merger Agreement**

Purchase Price of $15.35 per Share in Cash Transaction Valued at $242.3 Million Including Debt

3

August 12, 2021 08:00 ET | Source: IEC Electronics

NEWARK, N.Y. and BOSTON, Aug. 12, 2021 (GLOBE NEWSWIRE) -- IEC Electronics Corp. (NASDAQ: IEC) ("IEC") and Creation Technologies Inc. ("Creation") today jointly announced the signing of a definitive merger agreement under which Creation will acquire all outstanding shares of IEC for $15.35 per share in cash, representing a fully diluted equity value of approximately $173.8 million and an aggregate enterprise value of $242.3 million, based upon net debt of $68.6 million. The transaction has been unanimously approved by the Boards of Directors of both companies.

IEC is a leading provider of high-complexity, low-to-medium volume electronic manufacturing services focused on high-reliability applications within the aerospace and defense, medical and industrial end markets. With its marquee, blue-chip customer base, the company has proven its ability to service the industry's highest levels of quality and reliability. The merger will augment IEC's existing production capabilities with access to Creation's existing low-cost manufacturing facilities in Mexico.

Creation Technologies is a global EMS supplier with a focus on medium volume, high-reliability customers in aerospace and defense, medical and tech industrial markets. Creation and IEC combined will have more than 4,000 employees in facilities located in the USA, Canada, Mexico and China.

"IEC is excited about joining the Creation family. The transaction presents our stakeholders with immediate value while providing our customers a broader platform for continued growth," said Jeffrey T. Schlarbaum, President and CEO of IEC.

"A combination of IEC and Creation creates a leading medium volume, high-reliability electronics manufacturer with a customer service driven culture," said Stephen P. DeFalco, Chairman and CEO of Creation. "Furthermore, IEC and Creation's complementary geographic footprints create a premier full-service North American supply chain for both companies' customers."

**Transaction Details**

Under the terms of the merger agreement, Creation will commence a tender offer to acquire all of the outstanding common stock of IEC for $15.35 per share in cash. The purchase price represents a premium of approximately 47% to IEC's closing share price on August 11, 2021, the last full trading day before today's announcement. The tender offer is subject to customary closing conditions, including the tender of at least two-thirds of the total number of IEC's outstanding shares and the expiration of the applicable waiting period under the Hart-Scott-Rodino Antitrust Improvements Act of 1976. Following the closing of the tender

offer, a wholly-owned subsidiary of Creation will merge with and into IEC, with each share of IEC common stock that has not been tendered being converted into the right to receive the same $15.35 per share in cash offered in the tender offer. The transaction will be financed through a committed debt financing package provided by JPMorgan Chase Bank and Citizens Bank. The transaction is expected to close by early October 2021.

The merger agreement provides for a "go-shop" period, during which IEC (acting through its financial advisor) will actively initiate, solicit, facilitate, encourage and evaluate alternative acquisition proposals, and potentially enter into negotiations with any parties that offer alternative acquisition proposals. The "go-shop" period is 35 days subsequent to signing of the Merger Agreement, ending September 16, 2021. There can be no assurance that this "go-shop" process will result in a superior proposal. IEC does not intend to disclose developments with respect to the solicitation process unless and until its Board of Directors has made a decision with respect to any potential superior proposal.

Upon completion of the transaction, IEC will become a privately-held company and shares of IEC's common stock will no longer be listed on any public market.

**Advisors**

B. Riley Securities, Inc. is serving as exclusive financial advisor to IEC and Harter Secrest & Emery LLP is serving as legal counsel to IEC. Moelis & Company LLC is serving as exclusive financial advisor to Creation and Choate, Hall & Stewart LLP is serving as legal counsel to Creation.

**IEC Financial Results and Earnings Call**

In a separate press release, IEC today announced its third fiscal quarter results. Due to the pending acquisition by Creation, IEC will not host its earnings call previously scheduled for today, August 12, 2021 at 10:00 am Eastern Time.

**About IEC Electronics**

IEC Electronics is a provider of electronic manufacturing services ("EMS") to advanced technology companies that produce life-saving and mission critical products for the medical, industrial, and aerospace and defense sectors. The Company specializes in delivering technical solutions for the custom manufacture of complex full system assemblies by providing on-site analytical testing laboratories, custom design and test engineering services combined with a broad array of manufacturing services encompassing electronics, interconnect solutions and precision metalworking. As a full service EMS provider, IEC holds all appropriate certifications for the market sectors it supports including ISO 9001:2015, AS9100D, ISO 13485 and is Nadcap accredited. IEC Electronics is headquartered in Newark, NY and also has operations in Rochester, NY and

Albuquerque, NM. Additional information about IEC can be found on its web site at www.iec-electronics.com.

**About Creation Technologies**

Creation provides total product lifecycle solutions including turnkey design, rapid prototyping, manufacturing and fulfillment to its customers around the world. Since 1991, Creation has been focused on making it easy for OEMs to 'say yes' to their customers. The company of approximately 3,100 people operates ten manufacturing locations, two design centers and a rapid prototyping center in the U.S., Canada, Mexico and China. Its OEM customers are in the Aerospace & Defense, Medical and Tech Industrials markets. Additional information about Creation can be found on its web site at www.creationtech.com.

16. On August 26, 2021, the Company filed a Schedule 14D-9 Solicitation/Recommendation Statement under Section 14(d)(4) of the Exchange Act (the "Solicitation Statement") with the SEC in connection with the Proposed Transaction.

**B. The Solicitation Statement Contains Materially False and Misleading Statements and Omissions**

17. The Solicitation Statement, which recommends that IEC Electronics shareholders tender their shares in connection with the Proposed Transaction, omits and/or misrepresents material information concerning: (i) the Company's financial projections; (ii) the financial analyses performed by the Company's financial advisor, B. Riley Securities, Inc. ("B. Riley"), in connection with its fairness opinion; and (iii) potential conflicts of interest involving B. Riley.

18. The omission of the material information (referenced below) renders the following sections of the Solicitation Statement false and misleading, among others: (i) Reasons for the Recommendation; (ii) Certain Unaudited Prospective Financial Information; and (iii) Opinion of Financial Advisor to the Special Committee.

19. The tender offer in connection with the Proposed Transaction is set to expire at one minute after 11:59 p.m., Eastern Time, on September 23, 2021 (the "Expiration Date"). It is imperative that the material information that was omitted from the Solicitation Statement be

disclosed to the Company's shareholders prior to the Expiration Date to enable them to make an informed decision as to whether to tender their shares. Plaintiff may seek to enjoin Defendants from closing the tender offer or the Proposed Transaction unless and until the material misstatements and omissions (referenced below) are remedied. In the event the Proposed Transaction is consummated, Plaintiff may seek to recover damages resulting from Defendants' misconduct.

**1. Material Omissions Concerning IEC Electronics' Financial Projections**

20. The Solicitation Statement omits material information concerning IEC Electronics' financial projections.

21. With respect to IEC Electronics' financial projections, the Solicitation Statement fails to disclose: (1) all line items used to calculate (i) Sales, (ii) Adjusted EBITDA, and (iii) Capital Expenditures; and (2) a reconciliation of all non-GAAP to GAAP financial metrics.

22. The disclosure of this information is material because it would provide the Company's shareholders with a basis to project the future financial performance of the Company and would allow shareholders to better understand the financial analyses performed by the Company's financial advisor in support of its fairness opinion, particularly in light of the fact that the Company used Adjusted EBITDA projections to assess Creation's offers to acquire the Company during the sales process.

23. Shareholders cannot hope to replicate management's inside view of the future prospects of the Company. Without such information, which is uniquely possessed by Defendant(s) and the Company's financial advisor, the Company's shareholders are unable to determine how much weight, if any, to place on the Company's financial advisor's fairness opinion in determining whether to tender their shares in connection with the Proposed Transaction.

24. When a company discloses non-GAAP financial metrics in a Solicitation Statement

that were relied upon by its board of directors in recommending that shareholders exercise their corporate suffrage rights in a particular manner, the company must also disclose, pursuant to SEC Regulation G, all projections and information necessary to make the non-GAAP metrics not misleading, and must provide a reconciliation (by schedule or other clearly understandable method) of the differences between the non-GAAP financial metrics disclosed or released with the most comparable financial metrics calculated and presented in accordance with GAAP. 17 C.F.R. § 244.100.[1]

25. The above-referenced omitted information, if disclosed, would significantly alter the total mix of information available to the Company's shareholders.

### 2. Material Omissions Concerning B. Riley's Analyses

26. In connection with the Proposed Transaction, the Solicitation Statement omits material information concerning analyses performed by B. Riley.

27. The Solicitation Statement fails to disclose the following concerning B. Riley's "*Discounted Cash Flow Analysis*": (1) the individual inputs and assumptions underlying the (i) discount rates ranging from 13.0% to 15.0%, and (ii) terminal value multiples of 8.0x to 10.0x; (2) the terminal values used; and (3) the cash flows used in the analysis.

28. With respect to B. Riley's "*Premiums-Paid Analysis*," the Solicitation Statement fails to disclose the premiums paid in each transaction B. Riley observed in its analysis.

29. The valuation methods, underlying assumptions, and key inputs used by B. Riley in rendering its purported fairness opinion must be fairly disclosed to the Company's shareholders.

---

[1] Mary Jo White, *Keynote Address, International Corporate Governance Network Annual Conference: Focusing the Lens of Disclosure to Set the Path Forward on Board Diversity, Non-GAAP, and Sustainability* (June 27, 2016), https://www.sec.gov/news/speech/chair-white-icgn-speech.html (footnotes omitted) (last visited Sept. 10, 2021).

The description of B. Riley's fairness opinion and analyses, however, fails to include key inputs and assumptions underlying those analyses. Without the information described above, the Company's shareholders are unable to fully understand B. Riley's fairness opinion and analyses, and are thus unable to determine how much weight, if any, to place on them in determining whether to tender their shares in connection with the Proposed Transaction. This omitted information, if disclosed, would significantly alter the total mix of information available to the Company's shareholders.

### 3. Material Omissions Concerning Potential Conflicts of Interest Involving B. Riley

30. The Solicitation Statement omits material information concerning potential conflicts of interest involving B. Riley.

31. The Solicitation Statement fails to disclose the timing and nature of services and the amount of compensation B. Riley received or expects to receive for providing such services to IEC Electronics, Creation, and any and all of their affiliates within the past two years of the date of B. Riley's fairness opinion.

32. Disclosure of a financial advisor's compensation and potential conflicts of interest to shareholders is required due to their central role in the evaluation, exploration, selection, and implementation of strategic alternatives and the rendering of any fairness opinions. Disclosure of a financial advisor's potential conflicts of interest may inform shareholders on how much weight to place on that analysis.

33. The above-referenced omitted information, if disclosed, would significantly alter the total mix of information available to the Company's shareholders.

## COUNT I
### For Violations of Section 14(e) of the Exchange Act
### Against All Defendants

34. Plaintiff repeats and re-alleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

35. Section 14(e) of the Exchange Act states, in relevant part:

> It shall be unlawful for any person to make any untrue statement of a material fact or omit to state any material fact necessary in order to make the statements made, in the light of the circumstances under which they are made, not misleading . . . in connection with any tender offer or request or invitation for tenders[.]

36. During the relevant period, Defendants, individually and in concert, directly or indirectly, disseminated or approved the false and misleading Solicitation Statement specified above, which failed to disclose material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading, in violation of Section 14(e) of the Exchange Act.

37. Each of the Individual Defendants, by virtue of their positions within the Company as officers and/or directors, were aware of materially false and/or misleading and/or omitted information but failed to disclose such information, in violation of Section 14(e) of the Exchange Act. Defendants, by use of the mails and means and instrumentalities of interstate commerce, solicited and/or permitted the use of their names to file and disseminate the Solicitation Statement with respect to the Proposed Transaction.

38. The false and misleading statements and omissions in the Solicitation Statement are material in that a reasonable shareholder would consider them important in deciding whether to tender their shares in connection with the Proposed Transaction.

39. Defendants acted knowingly or with deliberate recklessness in filing or causing the filing of the materially false and misleading Solicitation Statement.

40. By reason of the foregoing, Defendants violated Section 14(e) of the Exchange Act.

41. Because of the false and misleading statements in the Solicitation Statement, Plaintiff is threatened with irreparable harm.

## COUNT II
### For Violations of Section 14(d)(4) of the Exchange Act and Rule 14d-9 Promulgated Thereunder
### Against All Defendants

42. Plaintiff repeats and re-alleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

43. Defendants caused the Solicitation Statement to be issued with the intent to solicit shareholder support for the Proposed Transaction.

44. Section 14(d)(4) of the Exchange Act and SEC Rule 14d-9 promulgated thereunder require full and complete disclosure in connection with tender offers. Specifically, Section 14(d)(4) states, in relevant part:

> Any solicitation or recommendation to the holders of such a security to accept or reject a tender offer or request or invitation for tenders shall be made in accordance with such rules and regulations as the Commission may prescribe as necessary or appropriate in the public interest or for the protection of investors.

45. SEC Rule 14d-9(d), adopted to implement Section 14(d)(4) of the Exchange Act, states, in relevant part:

> Any solicitation or recommendation to holders of a class of securities referred to in section 14(d)(1) of the Act with respect to a tender offer for such securities shall include the name of the person making such solicitation or recommendation and the information required by Items 1 through 8 of Schedule 14D-9 (§ 240.14d-101) or a fair and adequate summary thereof[.]

46. In accordance with SEC Rule 14d-9, Item 8 of Schedule 14D-9 requires that a company:

> Furnish such additional material information, if any, as may be necessary to make the required statements, in light of the circumstances under which they are made, not materially misleading.

11

47. During the relevant period, Defendants, individually and in concert, directly or indirectly, disseminated or approved the false and misleading Solicitation Statement specified above, which failed to disclose material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading, in violation of Section 14(d)(4) of the Exchange Act and SEC Rule 14d-9.

48. Each of the Individual Defendants, by virtue of their positions within the Company as officers and/or directors, were aware of materially false and/or misleading and/or omitted information but failed to disclose such information, in violation of Section 14(d)(4) of the Exchange Act and SEC Rule 14d-9. Defendants, by use of the mails and means and instrumentalities of interstate commerce, solicited and/or permitted the use of their names to file and disseminate the Solicitation Statement with respect to the Proposed Transaction.

49. Defendants acted knowingly or with deliberate recklessness in filing the materially false and misleading Solicitation Statement which omitted material information.

50. The false and misleading statements and omissions in the Solicitation Statement are material in that a reasonable shareholder would consider them important in deciding whether to tender their shares in connection with the Proposed Transaction.

### COUNT III
### Violations of Section 20(a) of the Exchange Act
### Against the Individual Defendants

51. Plaintiff repeats and re-alleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

52. The Individual Defendants acted as control persons of the Company within the meaning of Section 20(a) of the Exchange Act as alleged herein. By virtue of their senior positions as officers and/or directors of the Company and participation in and/or awareness of the

Company's operations and/or intimate knowledge of the false statements contained in the Solicitation Statement filed with the SEC, they had the power to and did influence and control, directly or indirectly, the decision-making of the Company, including the content and dissemination of the false and misleading Solicitation Statement.

53. Each of the Individual Defendants was provided with or had unlimited access to copies of the Solicitation Statement and other statements alleged by Plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause the statements to be corrected. As officers and/or directors of a publicly owned company, the Individual Defendants had a duty to disseminate accurate and truthful information with respect to the Solicitation Statement, and to correct promptly any public statements issued by the Company which were or had become materially false or misleading.

54. In particular, each of the Individual Defendants had direct and supervisory involvement in the operations of the Company, and, therefore, is presumed to have had the power to control or influence the particular transactions giving rise to the securities violations as alleged herein, and exercised the same. The Individual Defendants were provided with or had unlimited access to copies of the Solicitation Statement and had the ability to prevent the issuance of the statements or to cause the statements to be corrected. The Solicitation Statement at issue contains the recommendation of the Individual Defendants to tender their shares pursuant to the Proposed Transaction. Thus, the Individual Defendants were directly involved in the making of the Solicitation Statement.

55. In addition, as the Solicitation Statement sets forth at length, and as described herein, the Individual Defendants were involved in negotiating, reviewing, and approving the Proposed Transaction. The Solicitation Statement purports to describe the various issues and

information that they reviewed and considered—descriptions which had input from the Individual Defendants.

56. By virtue of the foregoing, the Individual Defendants have violated Section 20(a) of the Exchange Act.

57. As set forth above, the Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Sections 14(e), 14(d)(4), and Rule 14d-9 promulgated thereunder, by their acts and omissions as alleged herein. By virtue of their positions as controlling persons, the Individual Defendants are liable pursuant to Section 20(a) of the Exchange Act. As a direct and proximate result of Defendants' conduct, the Company's shareholders will be irreparably harmed.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for judgment and relief as follows:

A. Preliminarily and permanently enjoining Defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction and the tender offer in connection with the Proposed Transaction, unless and until Defendants disclose and disseminate the material information identified above to the Company's shareholders;

B. In the event Defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding Plaintiff rescissory damages;

C. Declaring that Defendants violated Sections 14(e), 14(d)(4), and 20(a) of the Exchange Act, and Rule 14d-9 promulgated thereunder;

D. Awarding Plaintiff reasonable costs and expenses incurred in this action, including counsel fees and expenses and expert fees; and

E. Granting such other and further relief as the Court may deem just and proper.

**JURY TRIAL DEMANDED**

Plaintiff hereby demands a trial by jury.

Dated: September 10, 2021                           Respectfully submitted,

**HALPER SADEH LLP**

By: /s/ Daniel Sadeh
Daniel Sadeh, Esq.
Zachary Halper, Esq. (to be admitted *pro hac vice*)
667 Madison Avenue, 5th Floor
New York, NY 10065
Telephone: (212) 763-0060
Facsimile: (646) 776-2600
Email: sadeh@halpersadeh.com
          zhalper@halpersadeh.com

*Counsel for Plaintiff*